SYLVAN WERDEN, Also Known as SYLVAIN WERDEN, Appellant, v. JEANETTE P. WERDEN, Respondent, and Others, Defendants.— In a suit in equity, brought by a husband against his wife, judgment was sought, among other things, compelling an accounting by defendant and declaring that plaintiff was the owner of certain real and personal property standing in the respondent's name. Negotiations for a compromise had been pending for months; and the day the case came on for

trial a settlement was agreed upon by the attorneys for the parties. The settlement was dictated for the record in open court in the presence of both parties. An order in the form of an interlocutory judgment approving the settlement was entered. When plaintiff attempted to enforce the terms of settlement, defendant-respondent refused to comply therewith and moved to strike out certain provisions thereof, or, in the alternative, to vacate and set aside the order. The alternative relief was granted, and the order vacated. Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The compromise was one within the power of the parties to make. (Matter of New York, L. & W. R. R. Co., 98 N. Y. 447, 453; Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503, 505, 506.) Settlements of disputed controversies are favored by the law; and, when made deliberately, constitute a new agreement with new liabilities and will not be set aside on motion unless fraud or overreaching is shown. (O'Brien v. Lodi, 246 N. Y. 46, 50; Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 id. 435.) Defendant-respondent has failed to show grounds sufficient to warrant relief from the compromise in the exercise of sound judicial discretion. (See Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503, 506; Goldstein v. Goldsmith, 243 id. 268, 271, 272.) Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.