In the Matter of the Estate of YETTA HECHT, Deceased. TOBY BEERMAN, Appellant; JACK HECHT et al., Respondents.— In a contested probate proceeding, Toby Beerman, decedent's daughter, appeals from an order of the Surrogate's Court, Queens County, entered October 4, 1965, which granted the motion of respondent, Jack Hecht, to set aside a stipulation of settlement, dated January 26, 1965, and to restore the proceeding to the calendar for trial. Order reversed on the law and the facts and motion denied, with costs to all parties filing briefs payable out of the estate. The granting of respondent's motion to set aside the stipulation of settlement which was spread upon the record in open court was, in our opinion, an improvident exercise of discretion. The allegations of duress were uncorroborated and were set forth in conclusory fashion. (See *Thompson Med. Co.* v. *Benjamin Pharms.*, 4 A D 2d 504.) We have read the stipulation and find it to be clear and unambiguous. Stipulations of settlement are favored by the courts and will not be set aside in the absence of fraud or overreaching (*Hegeman* v. *Conrad*, 1 A D 2d 788; *Werden* v. *Werden*, 255 App. Div. 795). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.