■ DOROTHY SAWYER, Appellant, v RALPH E. PEPE et al., Respondents. — Appeal from an order of the Supreme Court at Trial Term (Viscardi, J.), entered October 23, 1981 in Fulton County, which, *inter alia,* denied plaintiff's motion for an order voiding a settlement stipulation. On April 3, 1981, after the parties in an automobile accident case had rested and the jury was deliberating, counsel appeared on the record before the trial court to announce that a partial settlement had been reached. Codefendant Billa's attorney offered "in full settlement of all pending claims" $45,000 out of a $50,000 insurance policy. Counsel for plaintiff advised on the record that he had discussed the partial offer of settlement with his client and recommended that she accept the offer. Further, counsel assured plaintiff that the offer had nothing to do with her claim against codefendant Pepe and that the case would proceed to verdict with the agreed settlement to take place after the verdict was returned. The trial court stated that it intended "to let the jury make a determination as to the claim against Pepe as well as Billa * * *. However, irrespective of their determination as to Billa, the settlement figure of forty-five thousand dollars will survive that determination." Counsel for plaintiff did not register an objection to that statement. The jury returned a verdict of $150,000 in favor of plaintiff, apportioning 20% of the liability to Pepe and 80% to Billa. On April 15, 1981 plaintiff entered a judgment in the amount of $150,000 against both defendants. Plaintiff also moved to have the settlement stipulation vacated on the ground that it was "based upon a mutual mistake of fact and did not express the full understanding of the parties." Defendants responded with motions to vacate the judgment and to enforce the stipulation. The trial court denied plaintiff's motion to vacate the partial settlement on the ground that a settlement can only be set aside by a plenary suit, and further granted defendants' motions to vacate the judgment and enforce the stipulation. Plaintiff has taken this appeal. Turning first to that part of the appealed order which granted defendants' motions to vacate the judgment, we conclude that the trial court was correct, albeit for a different reason. The Court of Appeals in *Teitelbaum Holdings v Gold* (48 NY2d 51) held that where, as here, the parties have not unequivocally terminated their lawsuit either by execution of an express, unconditional stipulation of discontinuance or by entry of judgment in accordance with the terms of the settlement, the trial court retains its supervisory power over the action and may lend aid to a party by means of postjudgment motion. Thus, the trial court should have considered the merits of plaintiff's motion to vacate the stipulation. However, its failure to do so does not mandate reversal since the record clearly demonstrates, contrary to plaintiff's assertions, that the stipulation was clear and unambiguous. Plaintiff's unhappiness with the result stems not from any unclear representation, but rather from the operation of the General Obligations Law. Subdivision (a) of section 15-108 of that law dictates that where, as here, one tort-feasor is released, the claim of the releasor is reduced, by operation of law, by the greatest of (i) the amount stipulated by the release, (ii) the considera-

tion paid for the release, or (iii) the amount of the released tort-feasor's equitable share of the damages. Here, plaintiff's claim against Pepe was properly reduced by the amount of Billa's equitable share of the damages (i.e., $120,000 representing 80% of the $150,000 verdict), leaving a judgment against Pepe of $30,000 (i.e., 20% of the verdict). Order affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.