■ In the Matter of GAIL KAPLAN, Also Known as GOLDIE KAPLAN, Deceased. MARSHALL G. KAPLAN, Appellant; RACHEL KAPLAN, Respondent.—In a proceeding to punish the executor of an estate for contempt of court, the executor appeals from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated March 9, 1987, which, *inter alia,* ordered him to pay the petitioner the sum of $12,183.

Ordered that the decree is reversed, on the law, without costs or disbursements, and the petition is dismissed.

After seven years of protracted litigation following the death of her mother, the petitioner entered into a stipulation of discontinuance and a general release with her father, the executor of her mother's estate and the appellant herein. The petitioner further indicated her desire to bring an end to the litigation in a letter to her attorneys and the court in which she advised them that she had reconciled with her father and no longer wished to continue the action. She also informed them that she had executed a satisfaction of judgment which she had given to her father in case the court should enter a judgment against him. Her attorneys, in contravention of her wishes, moved the court to issue a decree awarding her the sum of $12,183 for the cost of her college education for the year 1981-1982, which the court granted.

We agree that the Surrogate's Court had subject matter jurisdiction over this proceeding in light of its broad powers to administer justice in actions relating to and affecting the administration of estates and proceedings arising thereunder *(Matter of Piccione,* 57 NY2d 278, *rearg denied* 58 NY2d 824). However, the submission of the decree by the petitioner's attorneys and the entry of the decree by the court was

improper. A settlement agreement is a contract which is final and is to be sustained by the court absent a showing of fraud, collusion, mistake or such other factors as would undo a contract *(Hallock v State of New York,* 64 NY2d 224; *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435). The record in the instant case fails to reveal the existence of any such factors. Therefore, the Surrogate was bound by the express, unconditional stipulation of discontinuance entered into by the parties (CPLR 2104; *Teitelbaum Holdings v Gold,* 48 NY2d 51; *Nikolaus v Gasiorowski,* 72 AD2d 834; *cf., Sawyer v Pepe,* 90 AD2d 647, *lv denied* 59 NY2d 602). Weinstein, J. P., Rubin, Eiber and Harwood, JJ., concur.