■ In the Matter of GAIL KAPLAN, Also Known as GOLDIE KAPLAN, Deceased. WIMPFHEIMER & WIMPFHEIMER, Respondent; MARSHALL G. KAPLAN et al., Appellants.—In an accounting proceeding, the appeal is from an order of the Surrogate's Court, Kings County (Bloom, S., on decision; Pizzuto, S., on order), entered June 1, 1989, which denied the appellants' motion to dismiss the petition.

Ordered that the order is affirmed, with costs payable by the appellants personally.

SCPA 2110 (1) provides: "At any time during the administration of an estate and irrespective of the pendency of a particular proceeding, the court is authorized to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested or of an attorney who has rendered legal services in connection with the performance of his duties as a fiduciary or in proceedings to compel the delivery of papers or funds in the hands of an attorney".

Rachel Kaplan allegedly benefited from the petitioner's work within the meaning of SCPA 2110. Accepting the allegations of the petition as true, the petition states a cause of action for an accounting for services rendered on her behalf, and on behalf of the estate, in light of the Surrogate's broad powers to administer justice in actions relating to and affecting the administration of estates and proceedings arising thereunder *(see, Matter of Piccione,* 57 NY2d 278; *Matter of Kaplan,* 141 AD2d 545). Lawrence, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.