■ LEONARD GELSTEIN, Appellant, v BARNET LIEBERMAN et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered April 22, 1991, which, *inter alia,* confirmed the report of the Special Referee and dismissed the complaint as against defendant Barnet Liberman, sued here as Barnet Lieberman, unanimously reversed, on the law, with costs and disbursements, the motion denied and the complaint against said defendant reinstated.

After the service of a summons and complaint sounding in defamation, defendants moved to dismiss pursuant to CPLR 3211 (a) (5) solely on the ground that the action was time-barred. In response, plaintiff served an amended complaint omitting, for the most part, the allegation of defamation and substituting therefor a claim of malicious prosecution. The parties executed a stipulation withdrawing defendants' motion without prejudice to their "right to answer, move or otherwise plead in response to the [a]mended [c]omplaint." Defendant Barnet Liberman thereafter moved to dismiss the amended complaint on the ground that plaintiff failed to effect proper

service and defendant Phyllis Liberman moved for dismissal on the ground that the complaint failed to state a cause of action. The issue of service upon Barnet Liberman was referred to a Special Referee, who found service to be defective because of a lack of mailing upon Barnet as required by CPLR 308 (2). The IAS court granted the motion to confirm and denied the cross-motion to reject. As to plaintiff's argument that Barnet waived the jurisdictional defense by initially moving to dismiss solely on the ground of statute of limitations and failed to move on the jurisdictional ground, the court found that defendants' withdrawal of that motion rendered it a nullity. We reverse.

CPLR 3211 (e) provides that an objection based upon a lack of personal jurisdiction is waived "if a party moves on any of the grounds set forth in subdivision (a) without raising such objection". Here, Barnet Liberman first moved on one of the grounds set forth in CPLR 3211 (a), namely, paragraph (5), without raising the defense of lack of jurisdiction. That his motion was withdrawn before final submission after appearing on two occasions on the court's calendar does not nullify the waiver of the jurisdictional defense. By so moving, Barnet conferred jurisdiction over his person on the court.

The Court of Appeals' decision in *Addesso v Shemtob* (70 NY2d 689) is controlling. There, the defendants moved under CPLR 3211 (a) (7) to dismiss the complaint for failure to state a claim. As here, the plaintiff served an amended complaint while the motion was pending. In response the defendants then served an answer which included a jurisdictional objection not previously raised. The court held that the jurisdictional defense was waived. Nor does the stipulation of withdrawal in any way save the jurisdiction objection since the reservation was limited to an answer or motion directed to the amended complaint, not the court's jurisdiction. In any event, at the time the stipulation was executed defendant had already submitted to the court's jurisdiction. Concur—Sullivan, J. P., Rosenberger, Ross and Kassal, JJ.