■ In the Matter of the Estate of GAIL KAPLAN, Deceased. WIMPFHEIMER & WIMPFHEIMER, Respondent; RACHEL KAPLAN, Appellant. [608 NYS2d 308] —In a proceeding pursuant to SCPA 2110 to fix and determine counsel fees, the appeal is from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated December 24, 1991, which, after a hearing, directed Rachel Kaplan to pay counsel fees in the amount of $4,061 to the petitioners.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

Contrary to the appellant's contention, we agree with the Surrogate's Court that she waived the defense of lack of personal jurisdiction. Although the jurisdictional defense initially was asserted in the appellant's answer, the appellant, represented by experienced counsel, as well as her corespondent who is himself an attorney, moved pursuant to CPLR

3211 to dismiss the petition on grounds other than lack of personal jurisdiction. The Surrogate, while noting that the motion was procedurally improper *(see,* CPLR 3211 [e]), considered and denied it on the merits, and this court affirmed *(see, Matter of Kaplan,* 168 AD2d 622). Accordingly, by electing to make the CPLR 3211 motion to dismiss and failing to include therein the jurisdictional objection, the appellant conferred jurisdiction over her person upon the Surrogate's Court and waived the jurisdictional defense set forth in the answer *(see, Addesso v Shemtob,* 70 NY2d 689; *Gelstein v Lieberman,* 182 AD2d 487; *DeFilippis v Perez,* 148 AD2d 490; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:59, at 80).

Similarly unavailing is the appellant's claim that the Surrogate improperly precluded her from presenting defenses to the petition. After permitting the appellant's trial counsel broad latitude in conducting lengthy, argumentative and repetitious cross-examination at the hearing on the petition, the court allowed counsel to place on the record an offer of proof regarding the defenses which the appellant intended to present. As he does on the current appeal, the appellant's counsel set forth defenses concerning the aforementioned jurisdictional objection, the absence of any obligation on the part of the decedent's estate to pay counsel fees, and a purported ethical violation allegedly committed by the petitioners in an earlier proceeding. The Surrogate declined to hear evidence on these defenses and terminated the hearing. This was not error. As discussed above, the jurisdictional defense was waived prior to the hearing by the appellant's own actions. Moreover, the defense asserted on behalf of the decedent's estate was established during cross-examination and was found by the Surrogate to be meritorious, and so much of the petition as sought the payment of counsel fees by the estate was dismissed. Hence, any argument in this regard has been rendered academic. Additionally, the claim of an alleged ethical violation, apparently asserted for the first time at the hearing, was not supported by counsel's vague offer of proof, and no specific cognizable claim of an actual violation of professional responsibility was stated on the record. Accordingly, the Surrogate's Court was not required to entertain further evidence with regard to any of these purported defenses and, given the pattern of dilatory and obfuscatory conduct engaged in by the appellant's counsel during this proceeding, we discern no improvident exercise of discretion in its refusal to do so.

Finally, the record contains ample evidence, including the petition, the hearing testimony and the written fee agreement, to support the Surrogate's exercise of his broad discretion in awarding reasonable compensation to the petitioners, and we find no factual or legal basis for disturbing that award (see, Matter of Nicastro, 186 AD2d 805; Matter of Cross, 186 AD2d 651; Matter of Rappaport, 150 AD2d 779). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.