◼ In the Matter of the Estate of Fred Stark, Deceased. Rocco M. Longo, Petitioner; Harold Stark, Appellant; Rita Stark, Respondent. [650 NYS2d 608] —In a proceeding pursuant to SCPA 2110 to fix and determine compensation for legal services rendered to a party in interest to an estate, Harold Stark appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated July 11, 1995, which, *inter alia,* granted the motion of the executrix, Rita Stark, to dismiss the petition on the ground that Harold Stark had waived his interest in the estate of Fred Stark.

Ordered that the order is affirmed, with costs payable by the appellant.

The petitioner commenced this proceeding seeking to fix his fees and requesting that the fees be paid out of Harold Stark's share in the estate of Fred Stark. The respondent Rita Stark, the executrix of Fred Stark's estate, moved for summary judgment on the ground that the cause of action was meritless because Harold Stark had waived his interest in the estate. The Surrogate's Court granted Rita's motion, dismissed the petition, and declared that pursuant to a 1993 stipulation entered into between the parties Harold Stark had waived his interest in the estate. We agree.

Strong public policy favors enforcing stipulations *(see,*

*Bossom v Bossom,* 141 AD2d 794). They are not lightly set aside *(see, Matter of Hecht,* 24 AD2d 1001), particularly when the parties are represented by attorneys *(see, Barry v Barry,* 100 AD2d 920, *affd* 64 NY2d 627). Here, there were no allegations of fraud, collusion, mistake or accident, such that would relieve Harold Stark from the consequences of the stipulation, which effectively relinquished his interest in the estate *(see, Hallock v State of New York,* 64 NY2d 224).

We have examined the appellant's remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.