■ In the Matter of the Estate of CECIL MARQUEZ, Deceased. GLORIA MARQUEZ, Appellant; EUGENIA RODRIGUEZ, Respondent. [750 NYS2d 517] —In a proceeding to vacate a stipulation of settlement, the petitioner appeals from so much of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated September 18, 2001, as granted the respondent's motion for summary judgment dismissing the petition.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

The petitioner commenced this proceeding to vacate a stipulation of settlement made by the parties in open court. The respondent moved for summary judgment dismissing the petition, contending that the petitioner had failed to demonstrate a ground to invalidate the stipulation. The Surrogate's Court granted the motion, and we affirm.

The respondent established her prima facie entitlement to summary judgment. Stipulations of settlement, especially those made in open court, are favored by the courts and will not be lightly cast aside (*see Hallock v State of New York,* 64 NY2d 224; *Matter of Davis,* 292 AD2d 452, *lv denied* 98 NY2d 692; *Braham v Kingsboro Med. Group,* 275 AD2d 385. Thus, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra* at 230; *Matter of Frutiger,* 29 NY2d 143). Here, the open court stipulation entered into by the parties was clear and unambiguous (*see Matter of Gruntz,* 168 AD2d 558; *Matter of Hecht,* 24 AD2d 1001). Moreover, the Surrogate's Court conducted a proper allocution of the petitioner and determined that she voluntarily and knowingly accepted the terms of the stipulation (*see Matter of DePaul,* 249 AD2d 390). The petitioner did not come forward with evidence that the stipulation was the result of fraud, collusion, mistake, or accident sufficient to invalidate a contract. Under these circumstances, the petitioner failed to raise a triable issue of fact, and the Surrogate's Court properly concluded that there was no basis for setting aside the stipulation (*see Hallock v State of New York, supra; Matter of Kaplan,* 141 AD2d 545).

The petitioner's remaining contentions are without merit. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.