■ In the Matter of the Estate of PEARL SIEGEL, Deceased. JUDY TRAY, Appellant; BRAD GUILFORD, Respondent. [814 NYS2d 548]—

In an accounting proceeding, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Riordan, J.), dated November 18, 2004, which denied her motion to vacate a stipulation of settlement.

Ordered that the order is affirmed, with costs.

Stipulations of settlement, especially those made in open court, are favored by the courts and will not be lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224 [1984]; *Matter of Davis*, 292 AD2d 452 [2002]). Thus, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra* at 230; *Matter of Frutiger*, 29 NY2d 143). Here, the open-court stipulation entered into by the par-

ties was clear and unambiguous (*see Matter of Gruntz*, 168 AD2d 558 [1990]; *Matter of Hecht*, 24 AD2d 1001 [1965]). Moreover, the Surrogate's Court conducted a proper allocution of the petitioner, and determined that she voluntarily and knowingly accepted the terms of the stipulation (*see Matter of DePaul*, 249 AD2d 390 [1998]). The petitioner did not come forward with evidence that the stipulation was the result of fraud, collusion, mistake, or accident sufficient to invalidate a contract. Under these circumstances, the Surrogate's Court properly concluded that there was no basis for setting aside the stipulation (*see Hallock v State of New York, supra; Matter of Kaplan*, 141 AD2d 545 [1988]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur. [*See* 5 Misc 3d 1017(A), 2004 NY Slip Op 51414(U) (2004).]