■ Nissan Matthews, Appellant, v Luis F. Castro et al., Defendants and Third-Party Plaintiffs-Respondents. Erik J. Rudnicki, Third-Party Defendant, and Alamo Financing, L.P., et al., Third-Party Defendants-Respondents. [830 NYS2d 154]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 21, 2005, which denied his motion to vacate a stipulation of discontinuance dated December 26, 2003, and, inter alia, restore the action to the trial calendar with respect to the defendants third-party plaintiffs, and granted the defendants third-party plaintiffs' cross motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs payable to the defendants third-party plaintiffs-respondents.

"Stipulations are favored by the courts and will be set aside only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake" (*G&S Clam Bar v Melillo*, 302 AD2d 492, 492 [2003]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; CPLR 2104). Here, "[t]he plaintiff failed to make a sufficient showing to vacate the stipulation of discontinuance [as against the defendants] based on unilateral mistake" (*El v Schertz*, 33 AD3d 585, 585 [2006]; *see G & S Clam Bar v Melillo, supra* at 492; *Karapetyan v Underwood*, 287 AD2d 547 [2001]). Moreover, the plaintiff's reliance on the automatic stay triggered by the filing of the bankruptcy petition by the third-party defendants Alamo Financing, L.P., and Alamo Rent A Car (hereinafter collectively referred to as Alamo) is misplaced. Alamo apparently received permission from the United States Bankruptcy Court for the District of Delaware to settle the claim against them. In any event, "[i]t is well settled that the automatic stay under section 362 (a) of the Code ordinarily applies only to the debtor and not to co-defendants" (*Trustees of Sickness & Acc. Fund of Local One-L v Klein*, 2005 US Dist LEXIS 1527, *4 [SD NY, Jan. 27, 2005]; *see Queenie, Ltd. v Nygard Intl.*, 321 F3d 282, 287 [2003]; *Teachers Ins. & Annuity Assn. of Am. v Butler*, 803 F2d 61, 65 [1986]). Adams, J.P., Ritter, Fisher and Covello, JJ., concur.