■ GEORGE W. NIGRO, Respondent, v ALBERT A. NIGRO, Appellant. [843 NYS2d 664]—

In an action, inter alia, to enforce a stipulation of settlement, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered October 10, 2006, which, upon so much of an order of the same court dated July 13, 2006, as granted that branch of the plaintiff's motion which was for summary judgment, is in favor of the plaintiff and against him directing him to specifically perform the terms of the stipulation.

Ordered that the judgment is affirmed, with costs.

Stipulations of settlement are favored by the courts and are not lightly cast aside, particularly when the parties are represented by attorneys (see *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Stark*, 233 AD2d 450 [1996]; *Heimuller v Amoco Oil Co.*, 92 AD2d 882 [1983]). "This is all the more so in the case of 'open court' stipulations (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 10 [1972]) within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York*, 64 NY2d at 230). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*id.*; see also *Matter of Frutiger*, 29 NY2d 143, 149-150 [1971]; *Matter of Davis*, 292 AD2d 452 [2002]).

In the case at bar, the defendant failed to present any evidence that the subject stipulation, whereby the parties settled the defendant's partition cause of action, was the result of fraud, collusion, mistake, or accident sufficient to invalidate a contract (see *Matter of Marquez*, 299 AD2d 551 [2002]). Furthermore, contrary to the defendant's contention, the stipulation, which was stated in open court between respective counsel in the presence of both parties, is enforceable under the "open court excep-

tion" set forth in CPLR 2104 (*DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]; *see Matter of Dolgin Eldert Corp.*, 31 NY2d at 1; *Storette v Storette*, 11 AD3d 365 [2004]; *Matter of Gruntz*, 168 AD2d 558 [1990]).

Accordingly, since the plaintiff demonstrated that the parties stipulated to settle the partition cause of action, and since the defendant did not show the existence of any material questions of fact regarding this issue, the Supreme Court properly granted the plaintiff's motion for summary judgment to enforce the settlement (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Florio and Dillon, JJ., concur.