■ RACANELLI CONSTRUCTION COMPANY, INC., Respondent, v TADCO CONSTRUCTION CORP., Appellant, and CENTENNIAL INSURANCE COMPANY, Respondent. [855 NYS2d 645]—

In an action to enforce a stipulation of settlement, the defendant Tadco Construction Corp. appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered May 4, 2007, which denied its motion, inter alia, to vacate an oral stipulation of settlement and the resulting judgment entered September 28, 2006.

Ordered that the order is affirmed, with one bill of costs.

Stipulations of settlement are favored by the courts and are not lightly cast aside, particularly when the parties are represented by attorneys (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Matter of Stark,* 233 AD2d 450 [1996]; *Heimuller v Amoco Oil Co.,* 92 AD2d 882 [1983]). "This is all the more so in the case of 'open court' stipulations (*Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10 [1972]) within CPLR 2104,

where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York*, 64 NY2d at 230). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d at 230; *see Matter of Frutiger*, 29 NY2d 143, 149-150; *Matter of Davis*, 292 AD2d 452 [2002]).

In the case at bar, the defendant Tadco Construction Corp. (hereinafter Tadco) failed to show that there was cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (*see Matter of Marquez*, 299 AD2d 551 [2002]). Furthermore, contrary to Tadco's contention, the stipulation, which was stated in open court between respective counsel in the presence of all parties, is enforceable under the "open court exception" set forth in CPLR 2104 (*see Storette v Storette*, 11 AD3d 365 [2004]; *Matter of Gruntz*, 168 AD2d 558 [1990]; *DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]; *Matter of Dolgin Eldert Corp.*, 31 NY2d at 1).

Accordingly, the Supreme Court properly denied those branches of Tadco's motion which were to vacate the oral stipulation of settlement and the resulting judgment entered September 28, 2006.

Tadco's remaining contentions are without merit. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.