ZICHRON MOSHE, Appellant, v TOWN OF RAMAPO et al., Respondents. [864 NYS2d 569]—

In a proceeding pursuant to RPTL article 7 seeking a total exemption of certain real property from taxation for the tax year 2004, improperly commenced as an action for a judgment declaring that the real property is exempt from taxation for the tax year 2004, the plaintiff appeals from an order of the Supreme Court, Rockland County (LaCava, J.), dated December 12, 2007, which denied its motion to vacate a stipulation of discontinuance.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this tax certiorari proceeding, improperly commenced as an action for a judgment declaring that certain real property it owned was entitled to a total tax exemption for the tax year 2004. In July 2006 the plaintiff executed a stipulation of discontinuance, with prejudice, with respect to this matter, thus acceding to the determination of the Assessor of the Town of Ramapo that the property was entitled to a 79% exemption from taxation for the tax year 2004. The plaintiff subsequently moved to vacate the stipulation of discontinuance. In support of the motion, counsel for the plaintiff asserted that the execution of the stipulation of discontinuance was based on his mistaken assumption that the property would benefit from the same partial tax exemption in 2005 as it received in 2004, even though the plaintiff had received notice in May 2005 that there was no exemption whatsoever for its property in 2005.

The relief requested by the plaintiff is not available by way of a motion since the instant action was terminated with the filing of the stipulation of discontinuance; rather, the plaintiff must commence a new proceeding pursuant to RPTL article 7 in order to request such relief (see Teitelbaum Holdings v Gold, 48 NY2d 51 [1979]; Zeer v Azulay, 50 AD3d 781 [2008]). In any event, the plaintiff is not entitled to the relief it sought.

"Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to

invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984] [citations omitted]; *see Racanelli Constr. Co., Inc. v Tadco Constr. Corp.*, 50 AD3d 875 [2008]; *Nigro v Nigro*, 44 AD3d 831 [2007]; *Matthews v Castro*, 35 AD3d 403 [2006]).

Stipulations are contracts. "A party seeking reformation of a contract by reason of a mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation" (*Yu Han Young v Chiu*, 49 AD3d 535, 536 [2008] [citations omitted]). Here, there was an insufficient basis to warrant reformation (*see Matthews v Castro*, 35 AD3d 403 [2006]; *El v Schertz*, 33 AD3d 585 [2006]) as the plaintiff failed to make the requisite showing. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.