■ In the Matter of the Estate of VERA HYRA, Deceased. BANK OF NEW YORK, as Executor of VERA HYRA, Deceased, Respondent; BOGDAN WISLOCKI et al., Appellants. (Matter No. 1.) MARIA WISLOCKI, Appellant, v BERTINE HUFNAGEL, HEADLEY, ZELTNER, DRUMMOND & DOHN, LLP, et al., Respondents. (Matter of No. 2.) [916 NYS2d 207]—

In a probate proceeding in which the Bank of New York, as executor of the estate of Vera Hyra, petitioned pursuant to SCPA 2105 for the turnover of property alleged to belong to the decedent's estate and the trust created under the decedent's last will and testament and an action to impose a constructive trust which was transferred to the Surrogate's Court, Westchester County, Bogdan Wislocki and Maria Wislocki appeal, as limited by the brief, so much of an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated August 5, 2009, as granted that branch of the petitioner's motion which was to direct them to execute and deliver general releases and to deliver the proceeds of a certain retirement account and denied their cross motion to vacate a stipulation of settlement placed on the record in open court on February 9, 2009.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally to the respondent Bank of New York, as executor of the estate of Vera Hyra.

The decedent, Vera Hyra, died on March 5, 2007, leaving an estate which consisted of her home in Eastchester and personal property having an aggregate approximate value of $905,000. The decedent's last will and testament placed her residuary estate in a revocable trust which provided an outright bequest of $200,000 to the appellants, Bogdan Wislocki and Maria Wislocki, and bequeathed the balance of the estate among various charities and schools. The will also directed the executor to

sell the decedent's residence and to credit the net proceeds to the residuary estate.

The executor of the estate commenced a probate proceeding in the Surrogate's Court and petitioned pursuant to SCPA 2105 to direct the appellants to turn over property allegedly withheld from the estate and the trust created under the decedent's last will and testament (hereinafter the turnover proceeding). The appellants answered the petition with a general denial and counterclaimed against the estate to recover $540,000, representing the proceeds from the sale of the decedent's home. One of the appellants, Maria Wislocki, also commenced an action against the estate and its attorneys (hereinafter the defendants) in the Supreme Court to impose a constructive trust on the proceeds from the sale of the decedent's home (hereinafter the constructive trust action). The constructive trust action was transferred to the Surrogate's Court, the executor moved for summary judgment, and the complaint was dismissed on September 16, 2008.

In the turnover proceeding, the appellants moved for summary judgment dismissing the turnover petition, and the estate cross-moved for partial summary judgment. The motions were settled by a stipulation of settlement (hereinafter the stipulation), which the parties placed on the record in open court in the presence of the appellants and their attorney on February 9, 2009, and was subsequently so-ordered.

In addition to substantive provisions which provided, inter alia, for the appellants to receive the sum of $302,692 from certain investment accounts, the stipulation included their express agreement to exchange general releases in the turnover proceeding and with the defendants in the constructive trust action. However, while the appellants' attorney submitted for execution general releases to the defendants, the appellants refused to execute any releases themselves or to otherwise comply with the terms of the stipulation.

The appellants asserted that they only agreed to release the estate because they intended to pursue their case against the defendants in the constructive trust action. They also asserted that the terms of the releases which required them to release the defendants were fraudulently concealed, and that the stipulation should be set aside as a result.

Stipulations which are entered into in open court where the parties are represented by counsel are particularly favored (see *Racanelli Constr. Co., Inc. v Tadco Constr. Corp.*, 50 AD3d 875 [2008]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a

party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Matter of Siegel*, 29 AD3d 914 [2006]; *Matter of Marquez*, 299 AD2d 551 [2002]; *Matter of DePaul*, 249 AD2d 390 [1998]).

Contrary to the appellants' contention, the detailed proceedings in which the stipulation was placed on the record reflect the appellants' express agreement to exchange general releases with the defendants in the constructive trust action. The assertion that the executor fraudulently concealed the appellants' obligation to release the defendants is, therefore, without merit (*see Matter of Serpico*, 62 AD3d 887 [2009]; *Rabinovich v Womack*, 57 AD3d 866 [2008]; *Racanelli Constr. Co., Inc. v Tadco Constr. Corp.*, 50 AD3d 875 [2008]; *Matter of Siegel*, 29 AD3d 914 [2006]; *Matter of Marquez*, 299 AD2d 551 [2002]).

The appellants' remaining contentions are not properly before this Court. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.