In a hybrid proceeding, inter alia, pursuant to Business Corporation Law § 1104 (a) for the judicial dissolution of certain corporations, and action, among other things, to recover damages for breach of contract, the respondents/defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 27, 2011, as granted that branch of the petitioner/plaintiff s motion which was for summary judgment dismissing the sixth counterclaim for rescission of an agreement between the petitioner/ plaintiff and the respondent/defendant Yoram Eliyahu.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly granted that branch of the petitioner/plaintiff s motion which was for summary judgment *880 dismissing the sixth counterclaim for rescission of an agreement between the petitioner/plaintiff and the respondent/defendant Yoram Eliyahu. In response to the petitioner/plaintiff s prima facie showing that the agreement at issue should not be set aside (see Reiner v Reiner, 59 AD3d 420 [2009]), the respondents/ defendants failed to raise a triable issue of fact as to whether the agreement was executed under a mutual mistake or a unilateral mistake induced by a fraudulent misrepresentation by the petitioner/plaintiff (see Small v Lorillard Tobacco Co., 94 NY2d 43, 57 [1999]; Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Disk, 81 NY2d 446, 453 [1993]; Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 407 [1958]; County of Orange v Grier, 30 AD3d 556, 557 [2006]; Almap Holdings v Bank Leumi Trust Co. of N.Y., 196 AD2d 518 [1993]; Sunlight Funding Corp. v Singer, 146 AD2d 625, 626 [1989]; Restatement [Second] of Contracts § 151, Comment a). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur. [Prior Case History: 2011 NY Slip Op 32127(U).]