In a probate proceeding in which the objections to probate were settled by a stipulation of settlement entered in open court, *776 Karen Cullin appeals, as limited by her brief, from so much of an order of the Surrogate’s Court, Suffolk County (Czygier, S.), dated July 12, 2011, as denied that branch of her motion which was to vacate, in part, and enforce, in part, the stipulation of settlement. Justice Chambers has been substituted for former Justice Florio (see 22 NYCRR 670.1 [c]).
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally to the respondents appearing separately and filing separate briefs.
The decedent, Jo D. Talbot, died at the age of 75 on December 20, 2005, survived by no immediate family. Six days before her death, the decedent executed an alleged last will and testament (hereinafter the Will), which left her multimillion dollar estate to her caregiver and friend, Karen Cullin. The Will stated at Article Third that the decedent was unaware of, or did not recognize, any blood relatives, but left $10,000 to any niece or nephew who survived her, while specifically excluding any great nieces or great nephews and relatives beyond, and contained an in terrorem clause which stated that, “[s]hould any relative challenge this Will, he or she is explicitly excluded and take[s] nothing.”
Robert J. Sweeney, his nephews Brian T, Patrick, Joseph W, Sean, and Michael Sweeney, and his niece Deirdre Devlin Zube (hereinafter collectively the respondents), appeared in response to a citation in the probate proceeding and demanded SCPA 1404 examinations relating to the drafting and execution of the Will. As the proponent of the Will, the attorney-drafter contested the respondents’ standing to conduct SCPA 1404 examinations on the ground that the decedent’s alleged adoption in Maine 50 years earlier terminated any interest which her biological family may have had in her estate.
By order dated January 11, 2007, the Surrogate’s Court granted the respondents’ respective motions to conduct SCPA 1404 examinations, determining that the respondents had standing to conduct SCPA 1404 examinations because their pecuniary interests in a trust created by the decedent’s biological father, Edward I. Devlin, for the benefit of the decedent in 1934 (hereinafter the Trust) were jeopardized by the possible admission of the Will to probate.
Before Cullin was examined as the alternate executor under the Will, the parties settled the probate contest by a stipulation entered on the record in open court on December 12, 2006 (hereinafter the Stipulation). The Stipulation provided, inter alia, that Cullin waived her rights under the Trust, and the respondents waived any interest they may have in the decedent’s estate, other than that which was set forth in the Stipulation.
*777 On May 27, 2011, Cullin moved to vacate the provision in the Stipulation which waived her rights under the Trust, alleging that she was defrauded into entering the Stipulation by the respondents’ false representations regarding their blood relation to the decedent and their contingent interests in her estate. Cullin also sought to enforce Robert J. Sweeney’s waiver of his interest in the decedent’s estate, alleging that Sweeney had breached the Stipulation by demanding a $10,000 distribution from the estate by his attorney’s letter dated April 30, 2009. The Surrogate’s Court, inter alia, denied that branch of Guilin’s motion which was to vacate, in part, and enforce, in part, the Stipulation.
“Settlements entered into in open court are binding and are not lightly cast aside” (Matter of Arzillo, 223 AD2d 701, 701 [1996], citing Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Singh v North Shore Univ. Hosp., 76 AD3d 1004, 1005 [2010]; Castellano v Castellano, 66 AD3d 942 [2009]). As a stipulation is an independent contract which is subject to basic principles of contract law (see Hannigan v Hannigan, 50 AD3d 957 [2008]), “[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (Hallock v State of New York, 64 NY2d at 230; see Singh v North Shore Univ. Hosp., 76 AD3d at 1005; Moshe v Town of Ramapo, 54 AD3d 1030, 1030-1031 [2008]; Trakansook v Kerry, 45 AD3d 673 [2007]).
Here, Cullin failed to establish that the Stipulation was procured by fraud. Cullin alleged that she justifiably relied on the respondents’ misrepresentations that they had a blood relationship to the decedent. However, Guilin’s allegations are entirely belied by the proof submitted. The detailed allocution of Cullin conducted by the Surrogate’s Court when the Stipulation was placed on the record in open court establishes that Cullin expressly disavowed relying on any promises or representations made to her to induce her agreement to the Stipulation. In addition, almost a year before Cullin entered into the Stipulation, and before the respondents even appeared in this proceeding, her attorney’s letter dated January 25, 2006, asking Robert J. Sweeney to sign a waiver of citation, set forth her attorney’s belief that Sweeney was a surviving nephew and/or the sole survivor of his generation “relating to Jo Talbot.” Cullin also was the informant on the decedent’s death certificate filed on February 3, 2006, in which she stated that the decedent was the child of Edward I. Devlin, contrary to her purported claim that the decedent’s adoption terminated any interest she may have had in the Trust.
*778 We also reject Cullin’s assertion that she relied on the Surrogate’s Court’s finding in the order dated January 11, 2007, that the respondents had a blood relationship to the decedent. The order dated July 12, 2011, specifically noted that the respondents’ standing to conduct SCPA 1404 examinations “was not premised upon blood or familial relationships with [the] decedent, but upon [their] avowed interests in the . . . Trust.” Further, the court’s indication that the respondents “are apparently blood relatives” of the decedent was made in the unrelated context of its sua sponte determination that, based on the interrorem clause in the Will, the respondents were limited to conducting SCPA 1404 examinations of the nominated executors and the proponents of the Will, as provided in SCPA 1404 (4) (see SCPA 1404 [4]). Accordingly, the court properly denied Cullin’s request to vacate the provision in the Stipulation in which she waived her rights under the Trust (see Matter of Hyra, 81 AD3d 730 [2011]; Sweeney v Sweeney, 71 AD3d 989 [2010]; Matter of Irace, 21 AD3d 557, 558 [2005]; Matter of Marquez, 299 AD2d 551 [2002]).
Guilin’s contention that Sweeney breached the Stipulation by demanding payment of a $10,000 distribution from the estate in his attorney’s letter dated April 30, 2009, to counsel for the Public Administrator is without merit. Mastro, J.E, Skelos, Dickerson and Chambers, JJ., concur.