Appeal by the defendant from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated April 7, 2016. The order (1) denied the defendant’s motion to vacate a stipulation of settlement entered into by the parties in open court and to vacate or modify a judgment dated February 22, 2016, entered thereon, (2) granted the plaintiffs cross motion to enforce the stipulation of settlement and the judgment, (3) directed the defendant to transfer a certain policy of life insurance to the plaintiff, and (4) authorized the plaintiff to enter a judgment for the difference between the sum of $78,000 and the cash surrender value of the life insurance policy as of January 21, 2016.
 

 Ordered that the order is affirmed, with costs.
 

 The parties were divorced by a judgment dated December 5, 2013, which incorporated the terms of a separation agreement between the parties (hereinafter the separation agreement). The plaintiff subsequently commenced this action, inter alia, to recover damages for the defendant’s alleged breach of the agreement. The parties thereafter appeared in open court, and the defendant offered to transfer to the plaintiff a life insurance policy in full settlement of the action. When asked by the court, the defendant unequivocally stated that the cash surrender value of the policy was the sum of $78,000. The plaintiff accepted the offer, and the parties placed a stipulation of settlement on the record in open court, during which the plaintiff indicated that she would settle all her claims and discontinue the action in reliance upon her receipt of the insurance policy with a cash surrender value of at least $78,000, as represented by the defendant. The parties and their counsel confirmed their acceptance of the terms of the stipulation before the court, and a judgment dated February 22, 2016, was entered upon the stipulation. The judgment recited that the defendant was obligated to transfer the policy, which “shall have a cash surrender balance of at least $78,000,” in settlement of the action.
 

 Thereafter, the defendant moved to vacate the stipulation and to amend or vacate the judgment entered thereon, claiming that they were the product of mistake since the cash surrender value of the policy was actually only $39,000, rather than $78,000. The plaintiff cross-moved to enforce the terms of the stipulation and judgment, and to direct the defendant to pay her any difference between the policy’s actual cash surrender value and the cash surrender value represented by the defendant at the time of the stipulation. The Supreme Court denied the defendant’s motion and granted the plaintiff’s cross motion.
 

 “Stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Matter of Galasso, 35 NY2d 319, 321 [1974]). This is all the more so in the case of “open court” stipulations (Matter of Dolgin Eldert Corp., 31 NY2d 1, 10 [1972]) pursuant to CPLR 2104, where strict enforcement “not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process” (Hallock v State of New York, 64 NY2d at 230). “Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (id,.; see Libert v Libert, 78 AD3d 790, 791 [2010]; Matter of Marquez, 299 AD2d 551, 552 [2002]; Gage v Jay Bee Photographers, 222 AD2d 648 [1995]).
 

 Here, the defendant failed to come forward with record evidence to support his alternative assertions that the clear and unambiguous stipulation was the product of mutual mistake (see Yakobowicz v Yakobowicz, 142 AD3d 996, 997-998 [2016]; Book v Book, 58 AD3d 781, 783 [2009]; Hannigan v Hannigan, 50 AD3d 957, 958 [2008]; Vermilyea v Vermilyea, 224 AD2d 759, 760-761 [1996]), or of a unilateral mistake induced by a fraudulent misrepresentation by the plaintiff (see Yakobowicz v Yakobowicz, 142 AD3d at 997-998; Rosin v Weinberg, 107 AD3d 682, 683-684 [2013]; Matter of Toledano v Eliyahu, 102 AD3d 879, 880 [2013]; Portnoy v Allstate Indem. Co., 82 AD3d 1196, 1198 [2011]; Matter of Marquez, 299 AD2d at 552).
 

 The defendant’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly denied the defendant’s motion to vacate the stipulation and to amend or vacate the judgment entered thereon, and granted the plaintiff’s cross motion to enforce the stipulation and judgment.
 

 Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.