Matter of Miranda (2019 NY Slip Op 05983)





Matter of Miranda


2019 NY Slip Op 05983


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-13282

[*1]In the Matter of Maria Miranda, deceased. Porzio, Bromberg & Newman, P.C., respondent; Estate of Maria Miranda, appellant. (File No. 288/12)


Mirella C. Miranda, Sloatsburg, NY, for appellant.
Porzio, Bromberg & Newman, P.C., New York, NY (Peter J. Gallagher and Josh Abramson of counsel), respondent pro se.



DECISION & ORDER
In a probate proceeding in which Porzio, Bromberg & Newman, P.C., petitioned to fix and determine an attorney's fee pursuant to SCPA 2110, the Estate of Maria Miranda appeals from stated portions of an order of the Surrogate's Court, Rockland County (Thomas E. Walsh II, S.), dated November 2, 2016. The order, inter alia, granted those branches of the petitioner's motion which were to enforce a settlement agreement fixing its attorney's fee and to direct the Estate of Maria Miranda to pay the sum of $25,000 to the petitioner from Maddalena Miranda's share of the estate, pursuant to the settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this probate proceeding, the petitioner, a law firm, petitioned to fix and determine its attorney's fee pursuant to SCPA 2110 for services rendered to Maddalena Miranda (hereinafter Maddalena) and Paola Panarello, two beneficiaries of the Estate of Maria Miranda (hereinafter the Estate). The petitioner, the executor of the Estate, the beneficiaries of the Estate, and an attorney from the New York State Attorney General's office, on behalf of a charitable beneficiary, appeared in court for a settlement conference, and the terms of a settlement agreement were placed on the record in open court. Under the agreement, the petitioner's fee was fixed at $50,000, Maddalena was to pay the sum of $25,000 to the petitioner within 30 days, and the Estate was to pay the sum of $25,000 to the petitioner from Maddalena's share of the Estate, by December 15, 2015.
The petitioner thereafter moved, inter alia, to enforce the settlement agreement and to direct the Estate to pay the sum of $25,000 to the petitioner from Maddalena's share of the Estate, pursuant to the agreement. The Surrogate's Court, inter alia, granted those branches of the motion. The Estate appeals.
"Stipulations of settlement, especially those entered into on the record in open court, are favored by the courts and generally are strictly enforced" (Premier Ford NY, Inc. v Ryan, 162 AD3d 699, 701; see Hallock v State of New York, 64 NY2d 224, 230). Here, the terms of the settlement agreement were set forth on the record in open court, and, after recitation of the terms, [*2]the attorney for the Estate expressly agreed on the record that the petitioner's claim was settled. Inasmuch as the Estate does not offer any grounds for setting aside this settlement agreement as against it, the Surrogate's Court properly enforced the settlement against the Estate (see Matter of Siegel, 29 AD3d 914, 914-915).
The Estate does not have standing to raise its remaining contentions, which attempt to assert legal rights belonging to Maddalena (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773; Matter of Galvani v Nassau County Police Indem. Review Bd., 242 AD2d 64, 68).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court