Stewart v Christiana Trust (2024 NY Slip Op 04585)

Stewart v Christiana Trust

2024 NY Slip Op 04585

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-00527
 (Index No. 520631/18)

[*1]Clarence Stewart, et al., appellants, 
v
Christiana Trust, etc., et al., defendants, Fay Servicing, LLC, respondent.

Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Quenten E. Gilliam of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 22, 2021. The order denied the plaintiffs' motion, inter alia, to vacate an order of the same court dated June 10, 2021, in effect, confirming the plaintiffs' stipulation to discontinue the action insofar as asserted against the defendant Fay Servicing, LLC.
ORDERED that the order dated December 22, 2021, is affirmed, with costs.
In October 2018, the plaintiffs commenced this action, inter alia, to recover damages for malicious prosecution against, among others, the defendant Fay Servicing, LLC (hereinafter the defendant). In April 2021, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. The plaintiffs failed to file opposition papers thereto. At oral argument, the plaintiffs' attorney initially did not know that there was a motion pending in this action, stating that she had not received a notice of the motion from the defendant. After confirming that the motion was filed on NYSCEF, the Supreme Court provided the plaintiffs' attorney with the opportunity to either discontinue the action insofar as asserted against the defendant, submit opposition to the defendant's motion, or make a cross-motion. The plaintiffs' attorney stipulated to discontinue the action insofar as asserted against the defendant without prejudice, in open court, requesting only that the stipulation be reflected in writing. The defendant's attorney prepared a written order memorializing the open-court stipulation. In an order dated June 10, 2021, the court, in effect, confirmed the open-court stipulation.
The plaintiffs moved, inter alia, to vacate the stipulation and the order dated June 10, 2021. In an order dated December 22, 2021, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, their attorney stipulated on the record in open court to discontinue the action insofar as asserted against the defendant, and that stipulation was reduced to writing at their attorney's request. "[S]tipulations of settlement, especially those whose terms are placed upon the record in open court, are judicially favored. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (Hymowitz v [*2]Hymowitz, 119 AD3d 736, 740; see Davenport v Davenport, 199 AD3d 637, 641-642; Matter of Stevenson v Blanco, 127 AD3d 979). "It is the party seeking to set aside the stipulation of settlement who has the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (Sweeney v Sweeney, 71 AD3d 989, 992). No such showing was made here (see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960; McClorey v McClorey, 153 AD3d 1252, 1254; Hymowitz v Hymowitz, 119 AD3d at 740; Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822; Nigro v Nigro, 44 AD3d 831, 831). "'[A]n agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart'" (Osipova v Silverberg, 200 AD3d 993, 993, quoting Warren v Rabinowitz, 228 AD2d 492, 493). Accordingly, the Supreme Court properly denied the plaintiffs' motion, inter alia, to vacate the stipulation and the order dated June 10, 2021.
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.

2022-00527 DECISION & ORDER ON MOTION
Clarence Stewart, et al., appellants, v Christiana Trust,
etc., et al., defendants, Fay Servicing, LLC, respondent.
(Index No. 520631/18)

Appeal from an order of the Supreme Court, Kings County, dated December 22, 2021. Motion by the respondent to dismiss the appeal or, in the alternative, to strike stated portions of the appellants' brief on the ground that the appellants improperly raise arguments for the first time on appeal, to dismiss the appeal on the ground that the record is insufficient, or, in the alternative, in effect, to take judicial notice of certain material and to strike stated portions of the record and the appellants' brief on the ground that they contain matter dehors the record. By decision and order on motion of this Court dated June 14, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the record on the ground that they contain matter dehors the record is granted to the extent that the following portions of the record on appeal are stricken and have not been considered in the determination of the appeal: (1) pages 307 though 320; and (2) pages 321 through 325; and it is further,
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellants' brief are stricken and have not been considered in the determination of the appeal: (1) first full paragraph on page 6; (2) the second full paragraph on page 6; and (3) the paragraph beginning on page 6 and ending on page 7, except that the first full sentence on page 7, stating, "Hence, when the Homeowners requested a payoff letter, plaintiff's counsel presented the Homeowners with a Modification Agreement," is not stricken; and it is further,
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief on the ground that the appellants improperly raise arguments for the first time on appeal is granted to the extent that the following portions of the appellants' brief are stricken and have not been considered in the determination of the appeal: (1) the paragraph beginning on page [*3]8 and ending on page 9, except that the first sentence thereof is not stricken; (2) the first two questions and answers beginning on page 9 and ending on page 10; and (3) the paragraph beginning on page 13 and ending on page 14; and it is further,
ORDERED that the motion is otherwise denied.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court