■ KADISH PHARMACY, INC., et al., Appellants, v BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, INC., Respondent.—In an action, *inter alia,* for reformation of a contract, plaintiffs appeal from an order of the Supreme Court, Westchester County (Beisheim, J.), entered March 12, 1984, which granted defendant's motion for summary judgment dismissing the complaint and denied their cross motion for leave to join additional defendants.

Order affirmed, with costs.

Plaintiffs are participating pharmacies in defendant's prescription drug program; each has entered into a standard contract with defendant, whereby it agreed to provide prescription drugs to defendant's subscribers in exchange for defendant's reimbursing it for acquisition costs plus service charges in amounts specified therein. While not disputing that defendant made reimbursements in amounts specified in the contract, plaintiffs in the instant action sought, *inter alia,* reformation of the contract on the ground that the parties mistakenly failed to incorporate therein defendant's oral agreement to "reimburse pharmacists at the level of their usual and customary charges for filling prescriptions". Plaintiffs also alleged economic duress. Following joinder of issue, defendant moved for summary judgment; plaintiffs crossmoved for leave to join additional defendants. Special Term granted the motion and denied the cross motion. We affirm.

In order to defeat a motion for summary judgment, the party opposing the motion must come forward with evidence sufficient to raise a genuine issue of fact requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557; *Great Neck Car Care Center v Artpat Auto Repair Corp.,* 107 AD2d 658, *lv dismissed* 65 NY2d 897). Plaintiffs have failed to meet that burden.

It is settled, of course, that to obtain reformation of a contract based on mistake, a plaintiff must establish that it was executed under mutual mistake or a unilateral mistake induced by the defendant's fraudulent representation *(see, Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203). Here, however, plaintiffs submitted no evidence

that defendant was mistaken about the contract (which contract, incidentally, stated that it constituted the entire agreement between the parties) or knew at the inception of the contract that plaintiffs had a mistaken belief about it. Nor did plaintiffs submit anything but bald conclusory statements concerning any fraud that allegedly induced their mistake, and it bears noting that mere promissory statements to perform in futuro do not form the basis of an action sounding in fraud *(see, Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778; 24 NY Jur, Fraud and Deceit, § 50).

Moreover, with regard to economic duress, plaintiffs failed to demonstrate that they were compelled to sign the contract as a result of defendant's wrongful threats or acts which precluded exercise of their free will *(see, 805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447; *Austin Instrument v Loral Corp.,* 29 NY2d 124). Defendant merely offered a business arrangement, which plaintiffs were free to accept or reject, and it is to be noted that by the very terms of the contract either party had the option of canceling upon 30 days' written notice. In any event, even if economic duress had been established, it would only have allowed plaintiffs to void the contract, not to reform it *(see, 805 Third Ave. Co. v M.W. Realty Assoc., supra,* at p 451).

In short, in the absence of a triable issue of fact, Special Term correctly granted the summary judgment motion and denied the cross motion for leave to add additional defendants, the cross motion being rendered moot by the disposition of the principal motion. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.