■ JANICE M. LAZICH, Respondent, v WILLIAM J. LAZICH, Appellant. (Action No. 1.) CECILIA LAZICH, Respondent, v VITTORIA & PARKER, et al., Respondents, and WILLIAM J. LAZICH, Appellant. (Action No. 2.) [650 NYS2d 268] —In an action for a divorce and ancillary relief (Action No. 1), and an action, *inter alia,* concerning a dispute over counsel fees (Action No. 2), the defendant William Lazich appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered November 30, 1995, as, *inter alia,* denied his motion to vacate a stipulation of settlement covering both actions which was entered into in open court on September 18, 1995.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Stipulations of settlement are favored by the courts and are not to be lightly set aside *(see, Hallock v State of New York,* 64 NY2d 224, 230; *Sontag v Sontag,* 114 AD2d 892; *Harrington v Harrington,* 103 AD2d 356). Indeed, "an oral stipulation of settlement with respect to property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable by the court, is not to be disturbed absent a showing of one of the traditional grounds for vacatur, e.g., fraud, duress, mistake or overreaching" *(Harrington v Harrington, supra,* at 359). Here, the appellant failed to establish the existence of any ground to vacate the stipulation at issue, which was neither unfair nor unreasonable. Further, in light of the fact that the appellant is a law school graduate who has prosecuted many aspects of this case *pro se* and has been intimately involved in the case from its inception, his lack of counsel at the time the stipulation was entered into is not determinative *(see, Levine v Levine,* 56 NY2d 42, 48; *Forsberg v Forsberg,* 219 AD2d 615).

We have considered the appellant's remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Krausman and Luciano, JJ., concur.