■ GENEVIEVE M. LEAHY, Appellant, v DAVID G. LEAHY, Respondent. [778 NYS2d 915]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 25, 2003, as denied, without a hearing, her motion to set aside the oral stipulation of settlement entered into by the parties in open court on September 9, 2002, and as granted that branch of the defendant husband's cross motion which was for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and are not lightly set aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Bruckstein v Bruckstein*, 271 AD2d 389, 390 [2000]; *Lazich v Lazich*, 233 AD2d 425 [1996]; *Sontag v Sontag*, 114 AD2d 892, 893 [1985]). "[A]n oral stipulation of settlement with respect to property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable by the court, is not to be disturbed absent a showing of one of the 'traditional' grounds for vacatur, e.g., fraud, duress, mistake or overreaching" (*Harrington v Harrington*, 103 AD2d 356, 359 [1984]; *see Christian v Christian*, 42 NY2d 63, 73 [1977]; *Wilson v Neppell*, 253 AD2d 493, 494 [1998]; *Lazich v Lazich, supra; Bellefleur v Gervais*, 201 AD2d 524, 525 [1994]; *Barzin v Barzin*, 158 AD2d 769, 770 [1990]). The plaintiff wife failed to establish that the oral stipulation of settlement entered into by the parties in open court on September 9, 2002, was grossly unfair, unconscionable, the product of poor advice by her attorney, pressure from the court, or overreaching by the defendant husband. Her attack on the stipulation of settlement was based on speculation and failed to carry even the burden necessary for a hearing on unconscionability (*see Fox v Merriman*, 307 AD2d 685, 686-687 [2003]; *Jensen v Jensen*, 110 AD2d 679, 681 [1985]).

Accordingly, the Supreme Court properly denied the plaintiff wife's motion to set aside the stipulation of settlement and correctly granted that branch of the defendant husband's cross motion which was for an award of an attorney's fee. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.