■ LAWRENCE L. GASLOW, Appellant, v KPMG LLP et al., Respondents. [797 NYS2d 472]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 4, 2005, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's claim for back taxes and interest, unanimously affirmed, with costs.

Defendants' alleged inducement of plaintiff to invest in an Offshore Portfolio Investment Strategy (OPIS) that the IRS later determined to be illegal does not warrant recovery for the payment of taxes and interest to the taxing authorities. Plaintiff's tax liability naturally flows not from defendants' alleged fraud or other tortious acts, but rather from the fact that he removed proceeds from his "qualified replacement property" (QRP) and deposited them in the OPIS, thereby creating a taxable event. By removing the funds from the QRP, i.e., from securities subject to several restrictive requirements (*see* Internal Revenue Code [26 USC] § 1042 [c] [4]), where his gain from the sale of stock had been deferred, plaintiff obtained full access to his money. Reimbursement of his tax liability at this point would reward plaintiff by putting him in a position better than had he not made this choice to begin with (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423 [1996]; *Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 71-72 [1990]). We decline to follow the reasoning of other jurisdictions that have found to the contrary. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.