■ MICHAEL ZAFRAN, Appellant, v LISA ZAFRAN, Respondent. [813 NYS2d 305]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated July 15, 2004, as denied his motion to vacate the parties' stipulation of settlement and to enjoin the sale of the marital residence.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was to enjoin the sale of the marital residence is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from so much of the order as denied that branch of the plaintiff's motion which was to enjoin the sale of the marital residence must be dismissed, as the sale of the marital residence to a third party has rendered that portion of the appeal academic.

Stipulations of settlement are favored by the courts and are not lightly set aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). "[A]n oral stipulation of settlement with respect to property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable by the court, is not to be disturbed absent a showing of one of the 'traditional' grounds for vacatur, e.g., fraud, duress, mistake or overreaching" (*Harrington v Harrington*, 103 AD2d 356, 359 [1984]; *see Korngold v Korngold*, 26 AD3d 358 [2006]; *Leahy v Leahy*, 9 AD3d 351, 352 [2004]; *Hodkinson v Hodkinson*, 267 AD2d 429 [1999]). The plaintiff's argument that the stipulation of settlement entered into in open court on June 11, 2003 was induced by fraud and overreaching is not properly before this Court, as it is improperly raised for the first time on appeal. Furthermore, contrary to the plaintiff's contention, there was no "failure of consideration" based on the defendant's alleged failure to fulfill her obligation to make certain disbursements from the proceeds of the sale of the marital residence, because, as of the date of the plaintiff's motion, the defendant's obligation under the stipulation had not been triggered. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the stipulation of settlement.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.