■ MENARD M. GERTLER, M.D., P.C., et al., Appellants, v SOL MASCH & COMPANY et al., Respondents. [835 NYS2d 178]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered January 27, 2006, which, upon the prior grant of defendant's motion for a directed verdict, dismissed the complaint, unanimously affirmed, with costs.

Plaintiffs seek to recover damages on a theory of professional malpractice. At trial, however, there was no expert testimony to establish applicable standards of professional practice, and, accordingly, there was no basis for the finding essential to malpractice liability, that defendants deviated from such standards. This was not a case in which the "ordinary experience of the fact finder [would provide a] sufficient basis for judging the adequacy of the professional service" (*Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 283-284 [1999] [internal quotation marks and citations omitted]). Indeed, plaintiff's expert, whose testimony bore exclusively on the issue of damages, had occasion during his testimony to observe that the situation in which defendants provided accounting services to plaintiffs, involving plaintiff trustee's maintenance of a margin securities trading account within a pension plan trust, was unique in his experience. The evidence was also insufficient to support an award of damages. The damages theory presented by plaintiffs' expert was based on assumptions and speculation

as to what plaintiff trustee might have done as an individual investor had he been advised by defendants of the applicable taxes when trading on margin in a pension account. Moreover, taxes and tax interest are not recoverable under New York law (*see Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 71-72 [1990]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Gonzalez, JJ.