■ RONALD A. BALKIN, Appellant, v KAREN BALKIN, Respondent. (And a Related Action.) [842 NYS2d 523]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated October 5, 2005, as, upon the parties' oral stipulation of settlement, and upon granting the wife's motion to withdraw the sum of $2.5 million from a certain investment account as an advance against her share of equitable distribution to the extent of permitting her to withdraw the sum of $2 million, denied his motion to withdraw an equal sum from the same account as an advance against his share of equitable distribution, (2) so much of an order of the same court dated February 7, 2006, as granted those branches of the wife's motion which were for an award of an attorneys' fee in the sum of $150,000 and to compel him to produce certain financial documents, and denied that branch of his motion which was for the release of the proceeds from a certain limited partnership, and (3) so much of an order the same court dated February 9, 2006, as granted the wife's motion to enjoin him from using the proceeds from the limited partnership pending further order of the Supreme Court or disposition of the action.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Contrary to the husband's contention, the oral stipulation of settlement, read into the record on June 7, 2005, was intended by both parties to be a full, final, and binding settlement. "Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Where an oral stipulation is read into the record and found by the court to be fair and reasonable, it will not be disturbed absent a showing of one of the recognized grounds for vacatur, e.g., fraud, duress, mistake, or overreaching (*see Harrington v Harrington*, 103 AD2d 356, 359 [1984]; *accord Zafran v Zafran*, 28 AD3d 752 [2006]; *Leahy v Leahy*, 9 AD3d 351 [2004]; *Lazich v Lazich*, 233 AD2d 425 [1996]). Here, the parties, with both counsel present, knowingly entered into a comprehensive open-court agreement, which they clearly intended would constitute a final and binding settlement, and the husband has failed to establish any reason why this agreement should be set aside. Accordingly, as the stipulation provided, among other things, that the husband would pay the sum of $150,000 in attorneys' fees to the wife, the Supreme Court properly granted the wife's motion for enforcement of that provision. Similarly, the Supreme Court properly directed the husband to provide certain financial documents to the wife.

The husband's remaining contentions are without merit. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.