■ YEVGENIA V. SHOCKOME, Appellant, v TIMOTHY SHOCKOME, Respondent. [862 NYS2d 99]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from an amended judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated June 29, 2006, which, inter alia, incorporated the terms of an amended order of custody and visitation of the same court dated November 10, 2005, entered upon the parties' stipulation of settlement, and awarded the defendant husband a divorce.

Ordered that the amended judgment is modified, on the law, by deleting the provision in paragraph nine thereof stating, "except for the six-week period following the birth of her child on July 15, 2005, for which she received full pay from her employer"; as so modified, the amended judgment is affirmed, without costs or disbursements.

The record indicates that the court made patient, diligent, and repeated efforts to insure that the plaintiff entered into the stipulation voluntarily, had time to consider and understand its terms, and received the assistance of counsel. Stipulations of settlement are favored by the courts (*see Racanelli Constr. Co., Inc. v Tadco Constr. Corp.,* 50 AD3d 875 [2008]) and, provided they are not unconscionable, will not be set aside in the absence of fraud, overreaching, mistake, or duress (*see Chambers v McIntyre,* 5 AD3d 344, 345 [2004]; *Brennan v Brennan,* 305 AD2d 524, 524-525 [2003]). An oral stipulation which is spread on the record in open court, with representation of counsel, is similarly binding on the parties (*see Hannigan v Hannigan,* 50 AD3d 957, 958 [2008]; *Balkin v Balkin,* 43 AD3d 967, 968 [2007]; *Wilson v Wilson,* 35 AD3d 595, 596 [2006]). Here, the record refutes the plaintiff's contention that the stipulation incorporated in the amended divorce judgment was the product of fraud, mistake, or duress (*see Balkin v Balkin,* 43 AD3d 967 [2007]; *Wilson v Wilson,* 35 AD3d 595 [2006]; *Chambers v McIntyre,* 5 AD3d at 345).

Nevertheless, inasmuch as the parties agreed that the plaintiff's child support obligations would be suspended for the period between April 15, 2005, and September 12, 2005, the court erred in including a provision in the amended judgment that the plaintiff's child support obligation was to resume in full for the six-week period following July 15, 2005 (*see Hannigan v Hannigan,* 50 AD3d at 958).

The plaintiff's remaining contentions are either without merit or not properly before us. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.