■ KEVIN P. O'SHELL, Respondent, v GAIL A. O'SHELL, Appellant. [865 NYS2d 237]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered May 16, 2007, as denied that branch of her motion which was, in effect, to modify the terms of a stipulation of settlement entered into in open court, and (2) so much of a judgment of the same court dated June 11, 2007 as failed to award her a portion of the plaintiff's annuity.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Stipulations of settlement are favored by the courts and are not lightly set aside (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*id.* at 230; *see Hannigan v Hannigan,* 50 AD3d 957 [2008]). Here, since the defendant failed to establish such sufficient cause, the Supreme Court properly denied that branch of her motion which was, in effect, to modify the terms of the stipulation entered into in open court.

The defendant's remaining contentions are either not properly before this Court or without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.