■ Peter J. Canarelli, Respondent, v Marilyn Canarelli, Appellant. [872 NYS2d 464]—In a matrimonial action in which the parties were divorced by judgment entered September 19, 2006, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Falanga, J.), entered August 21, 2007, as amended by an order of the same court dated September 26, 2008, which, inter alia, granted those branches of the plaintiff's motion which were to enforce certain provisions of a stipulation of settlement that was incorporated, but not merged into the judgment of divorce, and certain provisions of the judgment of divorce, to the extent of appointing the plaintiff the temporary receiver of certain real and personal property for the purpose of disposing of that property in accordance with the stipulation of settlement and the judgment of divorce, and (2) an order of the same court entered August 29, 2007, which appointed a referee to sell a certain parcel of real property located in Jewett, ·New York.

Ordered that the appeal from the order entered August 29,

2007 is dismissed as academic as that order was vacated by an order dated September 26, 2008; and it is further,

Ordered that the order entered August 21, 2007, as amended, is affirmed, with one bill of costs.

While a stipulation of settlement may be set aside where there is evidence of fraud, overreaching, mistake, or duress (*see Matter of Dillon v Dillon,* 257 AD2d 621 [1999]), the defendant failed to tender evidence in admissible form sufficient to warrant a hearing on her motion to vacate the parties' stipulation (*see O'Shell v O'Shell,* 54 AD3d 914, 915 [2008]; *Shockome v Shockome,* 53 AD3d 610 [2008]; *Chernow v Chernow,* 51 AD3d 705, 706 [2008]). The defendant's contention that the appointment of a receiver to sell certain real property should be set aside because of a purported failure to comply with the court rules (*see* 22 NYCRR part 36) was not raised before the Supreme Court and, therefore, is not properly before this Court (*see Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]; *Weber v Jacobs,* 289 AD2d 226 [2001]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.