■ Yuwei Zhang, Respondent, v Ming Ting, Appellant. [899 NYS2d 277]—

In a matrimonial action, the defendant appeals from an order of the Supreme Court, Queens County (Cullen J.), entered December 30, 2008, which denied his motion, inter alia, to vacate the parties' stipulation of settlement dated May 15, 2008.

Ordered that the order is affirmed, with costs.

On the same day that this matrimonial action was commenced, the parties executed a stipulation of settlement with respect to certain property. Subsequently, the defendant former husband moved, by order to show cause, inter alia, to vacate the stipulation of settlement on the ground that the stipulation was induced by fraud on the part of the plaintiff and her attorney. The Supreme Court denied the motion without a hearing. We affirm.

Stipulations of settlement are favored by the courts (*see Zafran v Zafran*, 28 AD3d 752, 753 [2006]), and will not be set aside in the absence of fraud, overreaching, mistake, or duress (*see Canarelli v Canarelli*, 58 AD3d 658, 659 [2009]; *Shockome v Shockome*, 53 AD3d 610 [2008]; *cf. Brennan v Brennan*, 305 AD2d 524, 525 [2003]). Here, the Supreme Court correctly found that none of the defendant's allegations was sufficient to warrant a hearing. The stipulation of settlement is not unfair on its face, and nothing the defendant submitted would warrant a conclusion that the stipulation was unconscionable. Further, the circumstances surrounding the execution of the stipulation of settlement, as alleged by the defendant, do not constitute grounds to vacate the stipulation (*see Skotnicki v Skotnicki*, 237 AD2d 974, 975 [1997]). Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to vacate the stipulation of settlement (*see Castellano v Castellano*, 66 AD3d 942, 942-943 [2009]). Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.