■ YUWEI ZHANG, Respondent, v MING TING, Appellant. [912 NYS2d 409]—

In an action, inter alia, to compel specific performance of the parties' stipulation of settlement, dated May 15, 2008, which was incorporated but not merged into a judgment of divorce entered June 20, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated September 4, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established her prima facie entitlement to judgment as a matter of law with respect to her first cause of action to compel specific performance of the terms of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce (*see Hoyt v Hoyt*, 307 AD2d 621 [2003]; *see also Fine v Fine*, 26 AD3d 406 [2006]; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendant failed to raise a triable issue of fact.

To the extent that the defendant is raising the same issues which he raised in support of a previous motion he made within the context of the parties' matrimonial action to vacate the stipulation of settlement, those issues have already been considered and decided against the defendant both by the Supreme Court and by this Court (*see Yuwei Zhang v Ming Ting*, 72 AD3d 678 [2010]). Therefore, the defendant is collaterally estopped from relitigating such issues (*see Cheruvu v Cheruvu*, 61 AD3d 1171, 1173 [2009]; *see also York v Landa*, 57 AD3d 980 [2008]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the first cause of action. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.