(June 21, 2011)

■ Asset Management & Capital Co., Inc., et al., Respondents, v Michael I. Nugent, Appellant, et al., Defendant. [925 NYS2d 653]—

In an action, inter alia, for partition and sale of certain real property, the defendant Michael I. Nugent appeals from an or-

der of the Supreme Court, Suffolk County (Farneti, J.), dated June 22, 2010, which granted the plaintiffs' motion to reform a stipulation of settlement dated April 2008, that he had entered into with the plaintiffs.

Ordered that the order is affirmed, with costs.

"Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, [mutual] mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984] [citations omitted]). "For a party to be entitled to reformation of a contract on the ground of mutual mistake, the mutual mistake must be material, i.e., it must involve a fundamental assumption of the contract" (*True v True*, 63 AD3d 1145, 1147 [2009]). "A party need not establish that the parties entered into the contract because of the mutual mistake, only that the 'material mistake . . . vitally affects a fact or facts on the basis of which the parties contracted' " (*True v True*, 63 AD3d at 1147, quoting *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 214 [1980]). Moreover, "proof of [mutual] mistake must be 'of the highest order,' [and] must 'show clearly and beyond doubt that there has been a [mutual] mistake' and . . . must show with equal clarity and certainty 'the *exact* and *precise* form and import that the instrument ought to be made to assume, in order that it may express and effectuate what was really intended by the parties' " (*Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d at 215, quoting 13 Williston, Contracts § 1548, at 125 [3d ed]; *see Amend v Hurley*, 293 NY 587, 595 [1944]). "Because the thrust of a reformation claim is that a writing does not set forth the actual agreement of the parties, generally neither the parol evidence rule nor the Statute of Frauds applies to bar proof, in the form or parol or extrinsic evidence, of the claimed agreement" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]).

Here, the plaintiffs established that the stipulation of settlement contains a mutual mistake. Specifically, the condo analysis summary (hereinafter the summary) prepared by Michael T. Nugent, sued herein as Michael I. Nugent (hereinafter the defendant), which the parties agree formed the basis of the stipulation of settlement, reflects that the defendant's expenditures above his one-half ownership interest in the subject premises totaled $83,925. Moreover, throughout this litigation—until he opposed the plaintiffs' motion to reform the stipulation—the defendant consistently asserted, in pertinent part, that he was

entitled to "reimbursement of one half of the amounts he has advanced [$83,925] plus interest thereon." As such, the plaintiffs established that, in the stipulation, the parties intended for the defendant to receive, from the proceeds of sale of the subject premises, and before considering other adjustments, one half of $83,925, or $41,962.50.

However, both the stipulation and the summary are silent with respect to the fact that a $20,000 payment was made by the plaintiffs in February 2004 to pay down the mortgage principal on the subject real property. Since the stipulation properly characterized the $20,000 paid by the plaintiffs as a "reimbursement" to the defendant, and the parties intended first to credit the defendant for one half of the expenditures he incurred before crediting the plaintiffs for the $20,000 reimbursement, the Supreme Court properly determined that the amounts ultimately credited to the parties in the stipulation were the product of a mutual mistake, and properly granted the plaintiffs' motion to reform the stipulation so as to direct the defendant to pay to the plaintiffs the sum of $10,000, representing the plaintiffs' overpayment to the defendant. Mastro, J.P., Florio, Belen and Chambers, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31610(U).]**