■ FOWNES BROTHERS & COMPANY, INC., et al., Appellants, v JPMORGAN CHASE & Co. et al., Respondents. [939 NYS2d 367]—

Defendants' motions to dismiss were fully briefed, oral argument was held, and plaintiffs were afforded the opportunity of a surreply. Plaintiffs' decision to amend the complaint two business days before the court issued its order made it impossible for defendants to respond in any substantive manner. Plaintiffs' amended complaint did not moot the motions to dismiss, and the court properly directed the motions toward the original complaint (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38 [1998] [an amended pleading does not "automatically abate[ ] a motion to dismiss that was addressed to the original pleading"], *DiPasquale v Security Mut. Life Ins. Co. of N.Y.*, 293

AD2d 394, 395 [2002] [directing the motion to dismiss toward the amended complaint because plaintiff sought the amendment rather than "attempt[ing] to defend" the complaint]).

Additionally, the court properly dismissed, as time-barred, plaintiffs' professional negligence and accounting malpractice claims for back taxes and penalties (*see Chemical Bank v Sternbach & Co.*, 91 AD2d 518 [1982], *appeal and cross appeal dismissed* 58 NY2d 1113 [1983]), as plaintiffs failed to allege any facts showing continuous representation by either defendant (*Zaref v Berk & Michaels*, 192 AD2d 346, 347-348 [1993]).

The motion court also properly dismissed plaintiffs' fraud, negligent misrepresentation, unjust enrichment and breach of fiduciary duty claims. Plaintiffs failed to allege any compensable damages. Plaintiffs' tax liability did not flow naturally from the alleged misrepresentations by defendants, but rather from the taxable event created when plaintiffs switched from one employee benefit plan to another (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423 [1996]). The fact that plaintiffs may have performed the transfer pursuant to advice from defendants does not convert plaintiffs' tax liability into consequential damages (*see Gaslow v KPMG LLP*, 19 AD3d 264, 265 [2005], *lv dismissed* 5 NY3d 849 [2005]).

Finally, the New York General Business Law § 349 claim was appropriately dismissed as time-barred (*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001] [GBL governed by three-year statute of limitations]), and because plaintiffs failed to allege that the transfer complained of was "consumer oriented" (*see Denenberg v Rosen*, 71 AD3d 187, 194 [2010], *lv dismissed* 14 NY3d 910 [2010]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Catterson, J.P., Renwick, Abdus-Salaam and Román, JJ.