11-2514-cv
Solin v. Domino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

PRESENT: REENA RAGGI,
            PETER W. HALL,
            DEBRA ANN LIVINGSTON,
               *Circuit Judges*.

------------------------------------------------------------------------

DANIEL R. SOLIN, Individually and as Trustee of the Daniel R. Solin Trust,

         *Plaintiff-Appellant*,

       v.                      No. 11-2514-cv

ANTHONY J. DOMINO, JR., THE GUARDIAN INSURANCE & ANNUITY COMPANY, INCORPORATED,

         *Defendants-Appellees*,

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        LAWRENCE KELLOGG, Levine Kellogg Lehman Schneider & Grossman LLP, Miami, Florida.

APPEARING FOR APPELLEES:        KEVIN J. WINDELS, D'Amato & Lynch LLP, New York, New York, *for* Defendant-Appellee Anthony J. Domino.

ROBERT D. MEADE, Bleakley Platt & Schmidt, LLP, White Plains, New York, *for* Defendant-Appellee The Guardian Insurance & Annuity Company, Incorporated.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kevin Thomas Duffy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 27, 2011, is AFFIRMED.

Plaintiff Daniel R. Solin appeals from the dismissal of his New York state law claim for professional malpractice and negligent misrepresentation against investment advisor and insurance agent Anthony J. Domino Jr., for mistakenly advising Solin as to the tax consequences of surrendering an annuity. He further appeals from an award of summary judgment in favor of Guardian Insurance and Annuity Company, Inc. ("Guardian"), on his three equitable claims for rescission and reformation, based on alleged negligent misrepresentation, unilateral mistake, and mutual mistake. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Dismissal of Claims Against Domino

We review a judgment of dismissal de novo, Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010), accepting all factual allegations in the complaint as true and

2

drawing all reasonable inferences in favor of the plaintiff, to determine whether the pleadings state a plausible claim for relief, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010).

a.    Malpractice Claim

An action for professional malpractice requires proof of damages actually and proximately caused by the malpractice. Kaminsky v. Herrick, Feinstein LLP, 59 A.D.3d 1, 9, 870 N.Y.S.2d 1, 5–6 (1st Dep't 2008). Here, Solin's claim for malpractice damages fails because it falls within New York's proscription on the recovery of tax liability. See Gertler v. Sol Masch & Co., 40 A.D.3d 282, 283, 835 N.Y.S.2d 178, 179 (1st Dep't 2007) ("[T]axes . . . are not recoverable under New York law."). Indeed, New York applies this rule even when the tax liability is allegedly attributable to the defendant's mistaken advice. See Fownes Bros. & Co. v. JPMorgan Chase & Co., 92 A.D.3d 582, 583, 939 N.Y.S.2d 367, 367 (1st Dep't 2012) (holding, where plaintiff's transfer between employee benefit plans generated tax liability, that "fact that plaintiffs may have performed the transfer pursuant to advice from defendants does not convert plaintiffs' tax liability into consequential damages"); see also Gaslow v. KPMG LLP, 19 A.D.3d 264, 265, 797 N.Y.S.2d 472, 473 (1st Dep't 2005) ("Plaintiff's tax liability naturally flows not from defendants' alleged fraud or other tortious acts, but rather from the fact that he . . . creat[ed] a taxable event.").

Solin's complained-of damages amount to the difference between the taxes he paid upon surrender of the annuity and the lower taxes that he expected to pay as a result of

Domino's advice or, alternatively, to the difference between the taxes he paid and what his future taxes would have been. Even if this calculation were not speculative, as the district court found, such damages would fall squarely within New York's rule against the recovery of taxes owed.[1] Solin therefore fails to state a claim for malpractice.

b.    Negligent Misrepresentation

The same conclusion applies to Solin's claim of negligent misrepresentation, which arose from the same facts and alleged the same tax-based damages as his malpractice claim. See Symbol Tech., Inc. v. Deloitte & Touche, LLP, 69 A.D.3d 191, 199, 888 N.Y.S.2d 538, 544 (2d Dep't 2009) (affirming dismissal of negligent misrepresentation claim as duplicative of accounting malpractice claim); Gertler v. Sol Masch & Co., 40 A.D.3d at 283, 835 N.Y.S.2d at 179. Alternatively, dismissal is warranted because a plaintiff claiming negligent misrepresentation may seek only "out-of-pocket" damages, amounting to "the actual pecuniary loss sustained as a direct result of the wrong," rather than the "profits which would have been realized in the absence" of the misrepresentation. Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421–22, 646 N.Y.S.2d 76, 80 (1996). The tax deferral benefit

---

[1]In his brief before this Court and during oral argument, Solin framed his damages as a loss of "tax deferral benefits." He asserts that such damages could be calculated using a web-based calculator that Guardian markets to its customers. We need not address this possibility because Solin never advanced this damages theory against Domino in the district court, and so forfeited the argument. Or, put differently, Solin's complaint, which sought "[r]ecovery of the tax payment," Joint Appendix at 64, failed to allege a claim for legally recoverable damages.

of the forgone annuity represents not a direct out-of-pocket loss, but the anticipated profits of an alternative course of action that Solin contends was foreclosed by Domino's inaccurate advice. Thus, no recovery may be had.

2.     Summary Judgment in Favor of Guardian

After dismissal of his damages-based claims against Domino, Solin abandoned his damages claims against Guardian and filed a Second Amended Complaint that sought equitable relief, specifically, rescission and reformation based on negligent misrepresentation, unilateral mistake, and mutual mistake.

On de novo review of the district court's grant of summary judgment for Guardian, we draw all permissible factual inferences and resolve all factual ambiguities in Solin's favor. See Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010). We conclude that summary judgment was correctly granted to Guardian.

a.     Rescission

Rescission operates "to declare [a] contract void from its inception and to put or restore the parties to status quo." County of Orange v. Grier, 30 A.D.3d 556, 557, 817 N.Y.S.2d 146, 146 (2d Dep't 2006) (internal quotation marks omitted). What Solin seeks to "rescind" here is "the surrender of the Annuity agreement," Second Am. Compl. at 8. The surrender of the agreement was—as the phrase implies—an operation performed upon the annuity contract pursuant to terms contained therein. It was not itself a contract, and thus, it cannot be rescinded. In surrendering his annuity, Solin did submit a document entitled

5

"Request for Total Withdrawal." That document, however, bears no hallmarks of a contract distinct from the annuity agreement to which it pertains. For example, it nowhere indicates that Solin gave any consideration to Guardian to induce its surrender of his annuity. Nor did a representative of Guardian sign the surrender document. Indeed, it appears that upon receipt of Solin's request, Guardian was contractually bound—by the annuity agreement—to surrender the annuity to Solin. Thus, Solin does not state a claim for rescission of a contract. His relief for any mistakes or misrepresentations informing his decision to submit a withdrawal request must be found in an action for damages, or not at all.

b. Reformation

The same conclusion obtains with respect to Solin's claim for reformation based on negligent misrepresentation. Insofar as he seeks reformation based on unilateral or mutual mistake, the record fails to support either theory. Both doctrines of mistake are premised on the same factual scenario: two parties to a preexisting oral agreement sign a writing that is meant to express that agreement but does not. Where neither party is aware of the writing's inadequacy, there is mutual mistake; where one party recognizes the inadequacy but misleads the other, there is unilateral mistake. See Greater N.Y. Mut. Ins. Co. v. U.S. Underwriters Ins. Co., 36 A.D.3d 441, 443, 827 N.Y.S.2d 147, 149 (1st Dep't 2007).

Here, Solin and Guardian never had an oral agreement at all, or even a sequence of two written agreements. Instead, they had a single written agreement, the annuity contract, which itself permitted Solin to withdraw without the parties' having to reach any further

6

agreement.  Under these circumstances, Solin has no claim for reformation of the annuity contract based on mutual or unilateral misunderstanding of the tax consequences of his decision to exercise his right of withdrawal.  Moreover, Solin offered no evidence that he entered his annuity agreement on the basis of a mistake about a fact then underlying the agreement—as would be required to obtain reformation.  See Asset Mgmt. & Capital Co. v. Nugent, 85 A.D.3d 947, 948, 925 N.Y.S.2d 653, 654 (2d Dep't 2011).  The mistake, if there was one, arose during the pendency of the contract, and not before; it did not induce Solin's formation of the contract, but only his decision to surrender it.

Since neither rescission nor reformation was appropriate in Solin's case, summary judgment was properly granted in Guardian's favor.

3.    Conclusion

We have considered Solin's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court
