■ SETH R. ROTTER, Respondent-Appellant, v ALAN S. RIPKA et al., Appellants-Respondents, et al., Defendant. [973 NYS2d 211]—

Supplemental judgment, Supreme Court, New York County (Debra A. James, J.), entered June 14, 2012, which granted plaintiff's motion to the extent of ordering supplemental judgment against defendants in the amounts set forth therein, and denied sanctions, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered April 10, 2012 and June 11, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the supplemental judgment.

Alan Ripka and Seth Rotter were longtime partners in a law firm that is now in dissolution. Following commencement of litigation, the parties entered into a court ordered stipulation of settlement, dated May 18, 2006, which described how cases from their former partnership were to be transferred and how fees were to be allocated. In the stipulation, the parties assigned certain designations to the client matters, depending on the status of the matters and who would handle them going forward. Rotter was entitled to 6%, 25% or 50% of the fees, depending on the designation.

Defendants' unjust enrichment claim, raised for the first time on appeal, is unavailing in light of the existence of the contract at issue (*see West 63 Empire Assoc., LLC v Walker & Zanger, Inc.*, 107 AD3d 586 [1st Dept 2013]). Defendants' assertion that the contract should be reformed due to an alleged mistake in assigning designations to certain specified client matters does not

automatically render the contract unenforceable as ambiguous (*see Torres v Livorno Rest. Corp.*, 221 AD2d 197, 197 [1st Dept 1995]).

Although there is a "heavy presumption" in favor of the written contract, mutual mistake may justify reformation; proof may take the form of "parol or extrinsic evidence . . . of the claimed agreement" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573, 574 [1986]). Based on the clear language of paragraphs 28 (c) and 29 of the stipulation of settlement, the case designations, upon which Rotter's net fee is based, cannot be reformed. Rotter, in his affidavit in opposition to defendants' cross motion for reformation, stated that the cases were correctly designated in the stipulation of settlement. Defendants cannot prove anything more than unilateral mistake, an insufficient basis for reformation.

For the first time on appeal, Rotter argues that certain client consent forms were invalid because they were not properly filed in accordance with CPLR 321 (b). In *Bevilacqua v Bloomberg, L.P.* (70 AD3d 411, 412 [1st Dept 2010]), this Court rejected an argument that a consent to change attorney form pursuant to CPLR 321 (b) was invalid, stating that any mistake in such filing did not nullify the change of attorney form, absent prejudice. Rotter admitted that Ripka took possession of the files pending substitution by NBR or another firm; therefore, Rotter cannot establish that he was unaware of such transfer, or that he was prejudiced by defendants' actions in connection with the consent forms.

Rotter's claim that substitution was not proper in accordance with paragraph 1 (a) of the stipulation of settlement is unavailing, as Rotter fails to refute the documentary evidence that consent forms that were signed by the clients were mailed to him, and he acknowledged before the motion court that defendants paid all disbursements and expenses, two conditions necessary to effect substitution of counsel.

For the foregoing reasons, the motion court properly determined the percentage of fees Rotter is entitled to under the parties' agreement. The court correctly determined that sanctions were not warranted (*see Komolov v Segal*, 96 AD3d 513 [1st Dept 2012]). Concur—Tom, J.P., Andrias, Freedman and Richter, JJ. **[Prior Case History: 2012 NY Slip Op 31243(U).]**