■ SAUNDERS D. LEACOCK, Appellant, v CLOVINE LEACOCK, Respondent. [18 NYS3d 648]—

Appeal from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated June 25, 2013. The order granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied the plaintiff's cross motion, inter alia, in effect, for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement which was incorporated but not merged into their judgment of divorce. The plaintiff subsequently commenced this action to reform the stipulation of settlement on the ground of mutual mistake,

claiming that the parties intended to divide the parties' jointly owned real property equally, and that this intention was not fulfilled because, inter alia, a computational error resulted in the defendant receiving assets that exceeded the value of the assets the plaintiff received.

The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and the plaintiff cross-moved, inter alia, in effect, for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

"Marital settlement agreements are judicially favored and are not to be easily set aside" (*Simkin v Blank*, 19 NY3d 46, 52 [2012]; *see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Christian v Christian*, 42 NY2d 63, 71-72 [1977]; *see also Hackett v Hackett*, 115 AD3d 800 [2014]). Although a mutual mistake by the parties may form the basis for reformation of a marital settlement agreement, "the mistake must be 'so material that . . . it goes to the foundation of the agreement' " (*Simkin v Blank*, 19 NY3d at 52, quoting *Da Silva v Musso*, 53 NY2d 543, 552 [1981]). To "vacate [a] stipulation of settlement on the ground of mutual mistake, [a party must] demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Hannigan v Hannigan*, 50 AD3d 957, 958 [2008] [internal quotation marks omitted]; *see Matter of Steger*, 81 AD3d 737 [2011]).

Since "the thrust of a reformation claim is that a writing does not set forth the actual agreement of the parties," both the parol evidence rule and the statute of frauds are inapplicable (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *see True v True*, 63 AD3d 1145, 1147 [2009]). Thus, a party seeking to reform a contract based on mutual mistake may rely on extrinsic evidence even if the agreement is not ambiguous (*see Chimart Assoc. v Paul*, 66 NY2d at 573; *Rotter v Ripka*, 110 AD3d 603 [2013]; *Asset Mgt. & Capital Co., Inc. v Nugent*, 85 AD3d 947 [2011]).

According the plaintiff the benefit of every possible favorable inference, the pleadings and the evidence taken together demonstrate that his assertion that both parties intended to divide their jointly owned real property equally was "not a fact at all," and "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *cf. Asset Mgt. & Capital Co., Inc. v Nugent*, 85 AD3d at 948-949; *True v True*, 63 AD3d at 1147-1148). Therefore, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint (*see Simkin v Blank*, 19 NY3d at 54).

For the same reason, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the complaint (*see generally Hackett v Hackett*, 115 AD3d 800 [2014]; *Book v Book*, 58 AD3d 781 [2009]). Accordingly, his cross motion for summary judgment was properly denied without regard to the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.