■ RICHARD GLOVER, Respondent, v DONNA GLOVER, Appellant. [25 NYS3d 890]—

Appeals from (1) an amended order of the Supreme Court,

Suffolk County (James F. Quinn, J.), dated October 3, 2013, and (2) a judgment of divorce of the same court entered October 4, 2013. The amended order denied the defendant's motion to set aside a stipulation of settlement. The judgment of divorce, insofar as appealed from, incorporated but did not merge that stipulation of settlement.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties entered into a stipulation of settlement on the record in open court, which was subsequently so-ordered. Thereafter, the defendant moved to vacate the stipulation of settlement on the grounds of, inter alia, unconscionability, fraud, and duress. The Supreme Court denied her motion and issued a judgment of divorce incorporating but not merging the stipulation of settlement.

"Marital settlement agreements are judicially favored and are not to be easily set aside" (*Simkin v Blank*, 19 NY3d 46, 52 [2012]; *see Sabowitz v Sabowitz*, 123 AD3d 794 [2014]). A stipulation of settlement, such as the subject one, entered into in open court by parties who assent to its terms and are represented by counsel, will not be set aside unless it is shown that the agreement was procured by mistake, fraud, duress, overreaching, or unconscionability (*see Hughes v Hughes*, 131 AD3d 1207, 1208 [2015]; *Cioffi-Petrakis v Petrakis*, 72 AD3d 868, 869 [2010]). Here, the defendant failed to establish any basis for setting aside the stipulation of settlement (*see O'Hanlon v O'Hanlon*, 114 AD3d 915, 916 [2014]; *O'Shell v O'Shell*, 54 AD3d 914, 915 [2008]; *Shockome v Shockome*, 53 AD3d 610, 610 [2008]).

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the stipulation of settlement, and incorporated the stipulation of settlement into the judgment of divorce. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.