SAMUEL YAKOBOWICZ, Appellant, v RINA YAKOBOWICZ, Respondent. [37 NYS3d 560]—

In an action for the reformation of the parties' stipulation of settlement dated January 7, 2014, which was incorporated but not merged into their judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Nassau County (Zimmerman, J.), dated October 26, 2015, which, upon converting the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint to a motion for summary judgment dismissing the complaint, granted the motion.

Ordered that the order is affirmed, with costs.

On January 7, 2014, the parties entered into a stipulation of settlement on the record in open court that was incorporated, but not merged, into a judgment of divorce entered April 30, 2014 (hereinafter the stipulation). In relevant part, the stipulation provided that a condominium apartment located in Israel (hereinafter the apartment), held in trust by the plaintiff, be transferred to the defendant as part of her distributive award. Since the value of the apartment was unknown at the time the parties entered into the stipulation, they agreed to have it appraised. The stipulation also provided that the sum of $175,000 being held in escrow (hereinafter the escrow fund) be transferred to the defendant. The stipulation further provided that if the total of the appraised value of the apartment, plus the escrow fund, equaled less than $1,200,000, the plaintiff was to pay the difference to the defendant.

In December 2014, the plaintiff commenced the instant action seeking reformation of the stipulation. In his complaint, the plaintiff alleged that the parties intended by their stipulation to provide an option for the plaintiff to either convey the escrow fund and his interest in the apartment to the defendant and credit the apartment's value against the $1,200,000 distributive award or obtain sole title to the apartment and escrow fund and pay the $1,200,000 distributive award to the defendant in cash. The plaintiff alleged that he agreed to the stipulation "in the mistaken belief" that it included the aforementioned "option," and that he would not have consented to the terms of the stipulation in open court had he known that the option was not incorporated therein. Thus, the plaintiff contended that the stipulation was inequitable and unfair and did not reflect the intent of the parties.

After issue was joined, the defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint, contending that the stipulation was binding. The court gave proper notice to the parties pursuant to CPLR 3211 (c) and converted the motion to dismiss to a motion for summary judgment. The court then granted the defendant's motion. The plaintiff appeals.

"A stipulation is an independent contract which is subject to the principles of contract law. A court should construe a stipulation made in [writing or] open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole. A court should not, under the guise of interpretation, make a new contract for the parties" (*Simmons v Simmons*, 305 AD2d 661, 661 [2003] [citations omitted]; *see Pellino v Pellino*, 308 AD2d 522 [2003]). "A party

seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation" (*Yu Han Young v Chiu*, 49 AD3d 535, 536 [2008]; *see Moshe v Town of Ramapo*, 54 AD3d 1030, 1031 [2008]; *Lieberman v Greens at Half Hollow, LLC*, 54 AD3d 908, 909 [2008]; *Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y.*, 114 AD2d 439, 439 [1985]). For a party to be entitled to reformation on the ground of mutual mistake, the mistake must be material (*see Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 214 [1980]), and the party must "demonstrate that the mistake existed at the time the stipulation was entered into and that it was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Mahon v New York City Health & Hosps. Corp.*, 303 AD2d 725, 725 [2003]; *see Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y.*, 114 AD2d 439 [1985]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In support of her motion, the defendant submitted proof that the parties entered into the stipulation in open court, that each party was fully allocuted, and that the stipulation was submitted, without objection, and incorporated into the judgment of divorce (*see Shockome v Shockome*, 53 AD3d 610 [2008]; *Balkin v Balkin*, 43 AD3d 967, 968 [2007]). In her affidavit, the defendant averred that there was no mutual mistake of fact and that she made no representation upon which a claim of fraud could be premised. The defendant denied the existence of the "option" and pointed to the terms of the stipulation as proof of the parties' intent. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff presented no evidence that the stipulation was the result of a mutual mistake or a unilateral mistake induced by fraud (*see Leacock v Leacock*, 132 AD3d 818 [2015]; *Shockome v Shockome*, 53 AD3d 610 [2008]; *Alexander v Alexander*, 112 AD2d 121, 122 [1985]).

Accordingly, the Supreme Court properly granted the defendant's motion. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.