People v Perretta (2020 NY Slip Op 05958)





People v Perretta


2020 NY Slip Op 05958


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2019-10971
 (Index No. 201463/10)
[*1]Jack Perretta, respondent,
v
v
Lori Perretta, appellant.
 
 
Vessa Wilensky, P.C. (Forchelli Deegan Terrana LLP, Uniondale, NY [Peter Basil Skelos], of counsel), for appellant.
Litt Law Group, LLC, Rockville Centre, NY (Robert G. Litt of counsel), for respondent.
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered July 24, 2019. The order, insofar as appealed from,



DECISION & ORDER
granted the plaintiff's motion to enforce the provision of the parties' stipulation of settlement, as incorporated into the judgment of divorce, requiring that the former marital residence be listed for sale, and denied the defendant's cross motion to reform the stipulation of settlement, as incorporated into the judgment of divorce.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties are the divorced parents of two children, now both over 18 years old. The parties' stipulation of settlement (hereinafter the settlement agreement), entered into in 2011 and incorporated, but not merged, into the judgment of divorce, provided the defendant, who had residential custody of the children, with exclusive occupancy of the former marital residence until the youngest child turned 18 years old, at which time the residence would be sold. The parties' youngest child turned 18 in August 2018. By notice of motion dated March 7, 2019, the plaintiff moved to enforce the provision of the settlement agreement, as incorporated into the judgment of divorce, requiring that the former marital residence be listed for sale. The defendant opposed the motion and cross-moved to reform the settlement agreement, as incorporated into the judgment of divorce, on the ground of mutual mistake so as to condition the sale of the former marital residence on the parties' youngest child turning 21 years old. The defendant asserted that the parties had intended for the child, who is severely autistic, to remain in the former marital residence until such time as he was able to enter a group home, that both parties believed at the time the settlement agreement was entered into that the child would be eligible to enter a group home when he turned 18, and that the parties have since learned that the child will not be eligible to enter a group home until he turns 21. By order entered July 24, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, denied the defendant's cross motion, and directed that the former marital residence be listed for sale in accordance with the terms of the settlement agreement. The defendant appeals.
"Marital settlement agreements are judicially favored and are not to be easily set aside" (Simkin v Blank, 19 NY3d 46, 52; see Leacock v Leacock, 132 AD3d 818, 819). "Nevertheless, in the proper case, an agreement may be subject to rescission or reformation based on a mutual mistake by the parties" (Simkin v Blank, 19 NY3d at 52). "The premise underlying the doctrine of mutual mistake is that 'the agreement as expressed, in some material respect, does not represent the meeting of the minds of the parties'" (id. at 52-53, quoting Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453). "For a party to be entitled to reformation of a [settlement agreement] on the ground of mutual mistake, the mutual mistake must be material, i.e., it must involve a fundamental assumption of the contract" (True v True, 63 AD3d 1145, 1147; see Asset Mgt. & Capital Co., Inc. v Nugent, 85 AD3d 947, 948), and the party must "demonstrate that the mistake existed at the time the [settlement agreement] was entered into" (Mahon v New York City Health & Hosps. Corp., 303 AD2d 725, 725; see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d at 453; Yakobowicz v Yakobowicz, 142 AD3d 996, 998).
The party seeking reformation of a contract by reason of mutual mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake (see Gunther v Vilceus, 142 AD3d 639, 640; Yu Han Young v Chiu, 49 AD3d 535, 536). "In a case of mutual mistake, the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (Chimart Assoc. v Paul, 66 NY2d 570, 573). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" (George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219).
Here, the defendant failed to establish by clear and convincing evidence that the parties had agreed to sell the former marital residence when the parties' youngest child turned 18 based on their alleged misunderstanding that the youngest child would be eligible for placement in a group home when he turned 18 (see McClorey v McClorey, 153 AD3d 1252, 1254; Gunther v Vilceus, 142 AD3d at 641). The terms of the settlement agreement regarding the sale of the former marital residence are plain and unambiguous, and there is no evidence in the record that the parties had considered the impact of a sale of the marital home on the youngest child at the time that the settlement agreement was executed (see Yakobowicz v Yakobowicz, 142 AD3d 996).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion to enforce the subject provision of the settlement agreement, as incorporated into the judgment of divorce, and denying the defendant's cross motion to reform the settlement agreement, an incorporated into the judgment of divorce.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court