French v NYS Dept. of Labor (2024 NY Slip Op 05280)

French v NYS Dept. of Labor

2024 NY Slip Op 05280

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 653626/23 Appeal No. 2897 Case No. 2024-00950 

[*1]Afi French, Plaintiff-Appellant,
v
NYS Department of Labor et al., Defendants-Respondents.

Umoh Law Firm, PLLC, New York (Nkereuwem I. Umoh of counsel), for appellant.
Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for NYS Department of Labor, respondent.
Duane Morris LLP, New York (Y. Katie Wang of counsel), for T.D. Bank Inc., respondent.

Appeal from order, Supreme Court, New York County (Gerald Lebovitz, J.), entered on or about February 6, 2024, which, upon plaintiff's default, granted defendants NYS Department of Labor and T.D. Bank Inc.'s motions to dismiss, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff's failure to submit timely opposition papers to defendants' motions to dismiss, or obtain permission to submit late opposition, constituted a default on the motions for which her remedy is not an appeal but a motion to vacate (see CPLR 5511; Shannon v City of New York, 275 AD2d 671 [1st Dept 2000]; Helm v PHH Mtge. Corp., 193 AD3d 420, 420 [1st Dept 2021]).
We reject plaintiff's argument that her belated filing of an amended complaint before the court issued its decision mooted the pending motions to dismiss. The amended complaint did not "automatically abate" the motions addressed to the original complaint (Fownes Bros. & Co., Inc. v JPMorgan Chase & Co., 92 AD3d 582, 582 [1st Dept 2012] [internal quotation marks and brackets omitted]; see also Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38 [1st Dept 1998]). Plaintiff had already defaulted when she submitted the amended complaint just a day before the court issued its decision. Accordingly, the court properly directed the motions toward the original complaint (see Fownes Bros. & Co., 92 AD3d at 582). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024